No. 06-6353



IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Respondent - Appellee, | § | |
| | § | Appeal from the U.S. District |
| | § | Court for the Eastern District |
| v. | § | of Virginia, Alexandria Division |
| | § | |
| | § | |
| JAMES RAYMOND NIBLOCK | § | Honorable Gerald Bruce Lee |
| Petitioner - Appellant | § | |

**APPELLANT JAMES R. NIBLOCK'S AMENDED MOTION
FOR PANEL REHEARING AFTER
AFFIRMANCE OF DENIAL OF 2255 RELIEF**

Respectfully Submitted
By Appellant's Counsel

JOSEPH A. CONNORS III
Attorney for Niblock
Texas Bar No. 04705400
605 East Violet, Suite 3
P.O. Box 5838
McAllen, Texas  78502-5838
(956) 687-8217
(956) 687-8230 FAX
(956) 207-6624 CELL
connors@innocent.com

James Niblock, appellant, asks this court to grant this amended motion so justice will be done and the original panel can rehear this 2255 cause. In this civil cause, this motion is timely if received within 45 days of judgment. FRAP 40(a)(1).

### Statement of Purpose

Pursuant to Local Rule 40(b), in his judgement undersigned states the following about the opinion and decision of this court in this cause:

1.    A material factual situation was overlooked in that decision;

2.    A material legal matter was overlooked in that decision;

3.    That opinion is in conflict with a decision of this court of appeals; and

4.    The opinion is in conflict with the decision in <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

### Certificate of Appealability

This court issued a certificate of appealability on Niblock's claims that counsel provided ineffective assistance of counsel by (i) denying him the right to testify in his defense at the jury trial; and (ii) failing to file a direct appeal.

### Rehearing Issues

On this appeal from the denial of a § 2255 motion, this court incorrectly failed to correctly review the district court's legal conclusions under *de novo* standard.

 This court **incorrectly failed to review** the district court's factual conclusions in the light most favorable to the § 2255 movant, **and to assume** the veracity of the

claims in his 2255 motion and its attachments.

Because the district court did not hold an evidentiary hearing to resolve any question of fact, this court, **for purposes of resolving this appeal**, incorrectly failed to assume that: (i) Niblock unequivocally instructed his attorneys to file a timely notice of appeal; (ii) his attorneys never consulted with Niblock about the advantages and disadvantages of timely taking a direct appeal; and (iii) Niblock plead guilty since his unprepared trial counsel would not permit Niblock to testify before the jury.

### Preliminary Statement

This Court should rehear Niblock's claim. Its panel's decision relied on record and law misstatements in the Government's brief. That panel also inadvertently overlooked important record facts in this case and controlling circuit precedent. Constitutional due process dictates Niblock's pro se 2255 petition should have been construed liberally to promote fundamental fairness, justice, trust, and public perception of the courts. Counsel's denial of the "right to testify" claim was pled as a factual matter in Niblock's original 2255 petition. To that claim, trial defense counsel responded in his affidavit attached to the Government's 2255 response. Below, that fatal claim was "properly in play". Mutually disputed, it remains unresolved by the 2255 court. This sacred testimonial guarantee is too important and fundamental to our concept of ordered liberty and justice. It deserves better than "secret dismissal" by technicality.

Niblock's original 2255 petition stated five times that he *unequivocally* requested his attorney(s) to file a notice of appeal. <u>Black's Law Dictionary</u> defines "appeal" as "reconsideration" of a lower court's decision. Niblock wrote counsel about requesting sentence "reconsideration" (JA164, 174) by the courts. In law, those were requests for a "direct appeal". **All courts overlooked these facts.**

The panel and Government ignored Niblock's August 5, 2003 letter, asking for "anything" that could be done about the sentence. To that letter, defense counsel Dunham responded that Niblock could only file a 2255. JA166.

Contrary to precedent, the panel and Government overlooked defense counsel's knowing failure to perform his constitutional duty to notice Niblock's requested direct appeal, for the "ten day deadline had not yet run". On these facts, directly controlling precedent mandates relief, to preserve the fundamental right to appeal.

Niblock's request to testify and to appeal went unheeded by counsel after the total breakdown in meaningful communication before trial. Before sentencing, Niblock wrote the trial court about the complete breakdown of communication with counsel, an actual conflict of interest, and substitute counsel request. Without any record inquiry, the trial court refused to substitue counsel. Niblock had no adequate counsel working for him, before and after the jury trial began. Thus, it is not surprising same counsel did not heed Niblock's oral and written requests regarding direct appeal.

Attorneys and/or trial court are not supposed to deny a defendant's specific oral and written requests to exercise his constitutionally guaranteed rights to counsel, to testify, to go to trial, to obtain and present defensive evidence, and to direct appeal. Such actions erode the public trust in the stability and responsibility of court proceedings. These rights are of great constitutional dimension. None of these issues are ones of first impression. All the elements for relief are satisfied in this case.

Applying clearly established precedent to the relevant material facts mandates this court's granting Niblock a new judgment from which to appeal, or a hearing on the denial of his rights to appeal and testify at trial. This is necessary to preserve the core values of a democratic system of freedom, and public trust in unbiased courts.

### Argument on Direct Appeal's Denial

**1.    This court's decision overlooks relevant facts and controlling precedent.**

Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) and U.S. v. Poindexter, 492 F.3d 263, 267 (CA4 2007) (held since district court did not hold an evidentiary hearing to resolve the question of whether defendant unequivocally instructed his attorney to file a timely notice of appeal, it must be assumed on 2255 proceeding that defendant did so instruct for purposes of resolving his appeal) show this court failed to correctly resolve this cause for the below reasons.

The district court's factual and legal conclusion that Mr. Davis meaningfully "consulted" with Niblock about his right to a direct appeal was clearly erroneous, for

**no consultation** occurred as that term is used in law.

The district court improperly denied Niblock's 2255 motion without holding an evidentiary hearing, since that motion contained disputed facts on the material issues that could not be resolved without an evidentiary hearing.

These material factual situations were overlooked in the decision of this court. This court's record contain these quoted facts inadvertently overlooked: "Following petitioner's sentencing, he communicated to counsel his desire to appeal his sentence" JA 188. "Petitioner informed Davis he wanted to appeal the sentence" JA217. "Petitioner specifically requested that counsel [file a notice of appeal] on more than one occasion" JA219. "Counsel totally disregarded Petitioner's request [to perfect a direct appeal]" JA220. "Petitioner made requests and had an absolute right to appeal. Counsel ... refused to file one" JA237.

In effectively affirming summary judgment against Niblock on 2255, this court apparently missed these other relevant facts on the denial of the right to appeal conviction and sentence: After counsel Davis consistently told Niblock that he had no right to appeal his sentence, JA56 ("I then informed Mr. Niblock that he had waived his right to appeal his sentence"), Niblock gave up on calling and writing to counsel Davis, who had an actual conflict of interest, JA43, about appeal and chose to communicate with Federal Public Defender [PD] Dunham instead. Niblock believed writing to Davis about the appeal would be useless because, inter alia, Davis

had refused to file any pretrial motion for bond simply because the government's attorney disapproved it. JA182.

Material legal matters were overlooked in the decision of this court, for after the district court not holding an evidentiary hearing to resolve the questions, this court must, for purposes of resolving his appeal, assume  that Niblock did so unequivocally instruct his attorney that Niblock wanted to:  (I) testify before the jury but counsel refused to permit that testimony, and (ii) file a timely notice of appeal. Although this court must make those necessary assumptions in Niblock's favor as required by precedents, the district court's denial of 2255 relief must be vacated. Herein, the opinion of this court is in conflict with the "white horse" decision in U.S. v. Poindexter, 492 F.3d 263, 267 (CA4 2007), with the decisions in U.S. v. Peak, 992 F.2d 39, 42 (CA4 1993).  This cause should be remanded to the district court to determine whether (I) Niblock's attorneys were so instructed, and (ii) if Niblock's attorneys were not so instructed, the district court will have to determine if Niblock met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) Niblock was prejudiced by his attorney's failure to fulfill these obligations.

In Poindexter, denial of 2255 relief in the district court was vacated and the cause remanded with instructions to hold an evidentiary hearing, for trial defense counsel . There, this court discussed all the law governing this issue. Id., 492 F.3d

266-269, 273.

Accordingly, this court must assume that Niblock did so instruct. Id. at 269. The 2255 court's finding that Niblock did not ask counsel to file an appeal [JA250] is unsupported by the record, and undermines the public confidence in the fairness of the judiciary. The 2255 court denied Niblock's claim on the basis of (1) counsel's affidavit in opposition [although such is specially prohibited under Machibroda v. U.S., 368 U.S. 487, 495 (1962) [affidavits in opposition to habeas petitions are not part of the files in this case and records of the case, and cannot be relied upon to deny relief.]; (2) Niblock's purported appeal waiver at the plea colloquy (in violation of Fed.Crim.P.Rule 11(b)(1)(N) and circuit precedent, the record clearly shows the trial court asked Niblock nothing about an appeal waiver, but only asked Niblock's attorney). (JA374, lines 19-24. See 2255 court opinion at JA250).

**In spite of** Niblock's details in the original 2255, how he unequivocally orally requested counsel to file an appeal as he sought reconsideration, and later wrote PD Dunham unequivocally requesting counsel to file for reconsideration of the sentence and case (JA 188, 217, 220, 237) as in Poindexter, supra at 267, the 2255 court also made these two fatally flawed findings:

(1) that trial counsels denial of Niblock's request to appeal was reasonable, because Niblock waived his right to appeal the sentence, JA250; and (2) the 2255 court speculated that counsel's failure to file the appeal was not prejudicial, because

Niblock risked breaching the plea agreement by filing an appeal, JA252.   Contra

Poindexter, supra (attorney is ineffective if he fails to file a requested appeal even

though defendant may have waived the right to appeal).

As in Poindexter, however, Niblock's plea agreement did not waive the right

to appeal the conviction in its waiver of the right to appeal the sentence.   But unlike

Poindexter, Niblock retained the statutory right to challenge any four point

enhancement for the number of victims (JA139 at Par. 4).   As in Poindexter, the 2255

court found Niblock's sentence only waiver to be dispositive that Niblock suffered

no prejudice from any failure of counsel (JA250).   Compare Poindexter, at 266-267.

But Niblock's merits brief at pages 6, 8, 10, 11, 40, 42, shows that on direct appeal,

he has grounds aplenty to challenge the conviction, including plea-agreement breach,

guilty plea bought by $50,000 paid outside of plea-agreement without judge's

knowledge, numerous Rule 11 violations of core concerns-maximum possible

sentence, elements of offense, etc.

## 2. Counsel Davis' affidavit, which is contradicted by the record.

"Direct appeal" in Black's Law Dictionary (8th Ed.), says see "appeal".   There,

"Appeal" is defined as "a proceeding undertaken to have a decision reconsidered by

a higher authority; esp., the submission of a lower court or agency's decision to a

higher court for review and possible reversal."   Thus, by the most simplistic legal

definition, **Niblock's July 29, 2003 letter is an unequivocal written request for a**

**direct appeal**. It is recognizable by most second year law students and any zealous criminal defense counsel with a rudimentary knowledge of appellate law.

Then to solidify this matter, Niblock's August 5, 2003 letter asked for "reconsideration of sentencing" and if counsel Dunham can do "anything" to help him post-sentencing. JA 164.

In those two letters to his counsel, Niblock made two requests. Each was received by counsel before a timely appeal had to be noticed. Fed.Crim.P.Rule 4. By definition, each letter, and when read in conjunction, both letters, constitute requests to direct appeal. Neither letter utilizing non-lay-person mandatory phrases like "Appeal Notice To Appropriate Appellate Court." Those letters the experienced recipient purposefully ignored. After reading each letter's contents, the recipient or his fellow PD staff members never personally visited jailed Niblock to determine what appointed counsel were to do at that point. Without picking up the phone to get clarification from Niblock, appointed counsel ignored continuing obligations each owed their client Niblock under Amendment VI to the U.S. Constitution.

The original 2255 petition in five places, JA188, 217, 219-220, 237, shows the error in the 2255 court's finding that "Niblock admits that he discussed a potential appeal with counsel and that he did not ask counsel to file an appeal" (JA250).

The 2255 court and the Government's brief fatally ignore Niblock's August 5, 2003 letter to counsel Dunham asking if there was not "anything" that could be

done to lower the sentence (JA164). The Government's brief never mentioned
Dunham's answer to that letter saying that all Niblock could do was: file a 2255 and
counsel could not help with that. JA166. After Niblock's August 5 letter, the only
record communications from counsel, is counsel's August 11 letter. There is a
reasonable probability that counsel misconstrued Niblock's letters, and this court
should err on the side of Niblock as there is a presumption against waivers of rights.

**3. Niblock effectively had no counsel when trying to perfect his appeal.**

Before sentencing, Niblock advised the trial court of a complete breakdown in
communications, a conflict of interest on counsel's part, and requested appointment
of new counsel ("conflicts precluding our working together in any fashion at this
time") (JA43). Counsel requested the conflict of interest be investigated (JA47),
which it was not. There was never any record inquiry into the reasons for the
dissatisfaction, as required by U.S. v. Mullen, 43 F.3d 891, 896-897 (CA4 1994) (trial
court abuses its discretion in refusing to appoint substitute counsel where there was
a total breakdown in communications).

The conflict between Niblock and counsel was acute. The PD's representation
of Niblock amounted to no representation at all. Severe conflicts prevented counsel
from truly "consulting" with Niblock about appeal, learning his desires, or heeding
his request to appeal.

**4. In identical fact situations to Niblock, 2255 relief was granted.**

Simply asserting the view that an appeal would not be successful (as Davis did) (JA56) "does not constitute consultation" in any meaningful sense. Thompson v. U.S., 481 F.3d 1297, 1301 (CA11 2007) (reversing denial of 2255 relief, where counsel failed to **consult in a meaningful manner**). On the basis of his affidavit alone, Davis' facts alleged are nearly identical to those detailed by the ineffective defense counsel in Thompson. Like counsel in Thompson, David never claims to have discussed any appellate rights prior to sentencing. Like in Thompson, Niblock repeatedly expressed dissatisfaction with his sentence (JA164, 174). Like in Thompson, Davis never explained to Niblock the appellate process (Davis' affidavit is devoid of anything he allegedly told Niblock except for disadvantages). At a minimum, this court should mandate an evidentiary hearing, because the sworn pleadings about direct appeal detail conflicting facts. See Poindexter, supra at 273.

In the context of a habeas proceeding, there is no jurisdictional bar in the context of a habeas proceeding for the appeals court to hear an issue that was procedurally defaulted below. Trest v. Cain, 522 U.S. 87, 89 (1997).

The Government's brief often states in its brief that Niblock's July 29, 2003 letter to counsel Davis, neither requested a direct appeal nor mentioned anything about an appeal. GB at 7-8. Mere reading of that Niblock letter shows it twice asks for "reconsideration of the sentence" and sentencing transcripts. JA 174.

All Public Defender members involved terminated Niblock's desires for and opportunity for direct appeal **sentence reconsideration** at district and appeal courts.

"Reconsideration" is mysteriously found in the affidavit of Davis, who reveals he could not understand Niblock's plain written or oral words to him. Davis says in his affidavit, JA56, that Niblock's July 29 letter "requested that I file for reconsideration of the district judge's decision not to allow him to voluntarily surrender ...." Clarity proves: "NO", for Niblock had asked Davis to file a motion to self report (another request counsel failed to perform). Like all courts so far and the Government, Davis misleads on the two references in Niblock's July 29 letter to "reconsideration" are both used with "sentence of imprisonment". Against this backdrop, Niblock had already advised the court before sentencing that the relationship with the PD's office was "very acrimonious" and "conflicts precluding our working together in any fashion at this time" JA43. The district court made no record inquiry as dictated by U.S. v. Mullen, 32 F.3d 891, 896 (CA4 1994).

### Argument - District Court and the Panel overlooked that Niblock plead facts on Denial of Right to Testify in his sworn original 2255

The district court improperly denied the ineffective assistance claim on counsel's failure to allow Niblock to testify and his involuntary plea of guilty resulted. As to that 2255 issue of "testimonial refusal" to let Niblock testify to the jury, the Government procedurally defaulted its "no-swearing" defense by failing to object in the district court. Government's 2255 response includes Nachmanoff's

specific denial of "shaking his head back and forth" to give the negative sign right after Niblock said he wanted to testify.  Contrary to Government's reading of the 2255 petition and attachments, Niblock here asserts that he timely, specifically and adequately made the claim in his 2255 (JA186:  "At the lunch break on the second day of trial, counsel Nachmanoff advised petitioner that he would be calling no witness, presenting no evidence, but making only a closing statement.  Petitioner stated he wanted to testify.  Counsel Nachmanoff just shock his head no.")[1].   In the 2255 court, the parties joined issue on this claim of "counsel's refusal to let Niblock testify after Niblock requested to testify".  Page 4 of Niblock's 2255 motion has an "under penalty of perjury" declaration with attached pages 5 et seq., detailing supportive facts.  JA179,.

As an incarcerated layman, Niblock is not held to counsel's technical pleading standards. Courts are to liberally construe his pro se allegations.  In fact, Rule 2(d) governing 2255 proceedings requires movant **to use** a standard appended form **and to declare** the petition under penalty of perjury.   Preface no. 9 to those Rules' appendix of forms has a caution[2].  Following **those requisites**, Niblock attached and

---

[1] Counsels' affidavits do not deny that they were going to present no evidence and make only a closing statement.  The panel overlooked these facts.

[2] "You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date."

included as a single document all supporting facts in a verified pleading where facts followed the claims. JA179. Niblock's original *pro se* 2255 detailed the facts that he requested to testify and counsel denied him that right. JA186. See <u>Ostrander v. Green</u>, 46 F.3d 347 (CA4 1995)[3] (denying state's assertion that Ostrander failed to assert his claim, where claim was sufficiently pled in cited facts). The Government's answer to the 2255 motion put that issue in play with Nachmanoff 's affidavit. JA129, Par. 12. The 2255 court erred by not addressing that factual dispute which would have entitled Niblock to relief. So far all courts have overlooked these facts and principles.

The Government Brief relies entirely on the Nachmanoff's affidavit as proof that counsel did not deny Niblock the right to testify at his own trial. The Government Brief ignores the affidavits of Niblock (JA70) and Byrd (JA98). Byrd there testified she has contemporaneous notes to back up that fact. Fearing the truth, the Government Brief spurns Byrd's special notes and offensively attempts to procedurally bar this "properly pleaded" claim. Niblock's testimony was critical to his defense. "The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence ...." <u>Napue v. Illinois</u>, 360 U.S. 264, 269 (1959). Niblock's counsel could not see it that way, and would not let Niblock

---

[3] On other grounds, <u>Ostrander</u> was overruled in <u>O'Dell v. Netherland</u>, 95 F.3d 1214, 1222 (CA4 1996).

share his life story of innocence with the jury. Why? Defense counsel was unaware of what to ask Niblock, after failing to: prepare Niblock to testify, investigate the relevant facts outside the government's case file, learn relevant facts from Niblock, and research each applicable defenses.

This court should place no stock whatsoever in the affidavit of Nachmanoff, because the record before this court clearly shows that Nachmanoff intentionally, deliberately, and prejudicially misled Niblock and the district court in this matter. Niblock provided counsel specific details about assets held by the alleged primary victim AIM (JA84-86) and counsel were briefed by former law partner, John Pasierb, about substantial assets AIM held as collateral in the case (JA51-52). Counsels Davis and Nachmanoff refused to subpoena the records of AIM (JA60). In response, Niblock told Nachmanoff to inform the government's attorney about these assets, so that someone would investigate to exonerate Niblock. Nachmanoff told Niblock he had "given Mr. Boente a detailed account of your allegations against AIM and asked him to look into their actions" (JA88). The below evidence shows Nachmanoff never did tell the government.

After Niblock pleaded guilty to rescue his children's college tuition funds, Niblock disclosed to the probation officer the substantial assets held by AIM (JA92, 94). JA92 and the footnote to JA94 make clear that this was the first time the government was ever hearing about these assets because after the probation officer

called AUSA Boente on June 3, 2003, then and only then did the government begin to look into the matter. Further, defense counsel Nachmanoff told Niblock up-front not to reveal this AIM's collateral information to the probation officer. When Niblock did anyway, counsel Dunham told Niblock that telling the probation officer was "extremely ill-advised" (JA64). Preferring to hide true defense to the alleged crimes, counsel knew that revelation then could be hazardous to legal careers or reputations. The relevant inquiry here is how counsel performed in Niblock's case, not how counsel usually performs in other cases.

When a district court evaluates a *pro se* complaint, petition, or pleading, the plaintiff's allegations are assumed to be true. <u>Walker v. True</u>, 399 F.3d 315, 319 (CA4 2005) (vacating grant of summary judgement and remanding for an evidentiary hearing because district court failed to "assume the facts pleaded in Walker's petition to be true".). So far all courts have overlooked these facts and principles.

Respectfully submitted
by Appellant's counsel,

JOSEPH A. CONNORS III
Lead Attorney for Niblock
Texas Bar No. 04705400
605 E. Violet, Suite 3
P.O. Box 5838
McAllen, Texas 78502-5838
(956) 687-8217
(956) 687-8230 FAX
(956) 207-6624 CELL
connors@innocent.com

Niblock rehear amended 2007-12-11.wpd          16

**SERVICE CERTIFICATE:** A copy of the above, undersigned mailed in McAllen's U.S. post office on December 11, 2007, addressed to: Charles F. Connolly, Assistant U.S. Attorney, 2100 Jamieson Avenue, Alexandria, VA 22314 [703-299-3700]

JOSEPH A. CONNORS III

## CERTIFICATE OF COMPLIANCE

1.    This motion complies with the **type-volume** limitation of Fed.App.P.Rule 32(a)(7)(B) because this motion contains **3,833** words, which is less than 7,000 words, excluding the parts of the motion exempted by Fed.App.P.Rule 32(a)(7)(B)(iii).

2.    This motion complies with the typeface requirements of Fed.App.P.Rule 32(a)(5) and the type style requirements of Fed.App.P.Rule 32(a)(6) because this motion has been prepared in proportionally spaced typeface using:

[state name & version of word processing program] **WordPerfect X3 in 14 point Times New Roman** for text and footnotes.

3.    Undersigned is <u>not</u> providing the court an electronic version of the motion.

4.    The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits, may result in the court's striking the motion and imposing sanctions against the person signing the motion.

JOSEPH A. CONNORS III

Niblock rehear amended 2007-12-11.wpd            17

<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

No. 06-6353

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES R. NIBLOCK,

Defendant - Appellant.

————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:02-cr-568-GBL; 1:04-cv-361)

————————

Submitted:  October 31, 2007        Decided:  November 21, 2007

————————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Joseph A. Connors, III, McAllen, Texas, for Appellant.   Chuck
Rosenberg, United States Attorney, Charles F. Connolly, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Niblock appeals the district court's order denying his 28 U.S.C. § 2255 (2000) motion. We previously granted a certificate of appealability on two issues: whether counsel rendered ineffective assistance to Niblock by denying him the right to testify and whether counsel was ineffective for failing to note a direct appeal. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). After a review of the record and the parties' briefs, we conclude that the district court correctly denied relief on these claims. Accordingly, we affirm for the reasons stated by the district court. See United States v. Niblock, Nos. 1:02-cr-568-GBL; 1:04-cv-361 (E.D. Va. Feb. 28, 2005); see Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (holding that, absent justification, Fed. R. Civ. P. 59(e) motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment"). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 2 -

FILED: November 21, 2007

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 06-6353
(1:04-cv-361)
(1:02-cr-568-GBL)

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JAMES R. NIBLOCK

Defendant - Appellant

J U D G M E N T

In accordance with the decision of this Court, the judgment of the District Court is affirmed.

This judgment shall take effect upon issuance of this Court's mandate in accordance with Fed. R. App. P. 41.

/s/Patricia S. Connor, Clerk